UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANIBAL EQUITE, on his own behalf
and on behalf of those similarly
situated

      Plaintiff,

v.                                                     Case No:  2:14-cv-746-FtM-38CM

GREEN & CLEAN PROPERTY
SOLUTION, INC.,

      Defendant.
_____

## REPORT AND RECOMMENDATION[1]

Before the Court is the parties' Amended Joint Motion for Approval of Settlement Agreement and Dismissal of the Action with Prejudice (Doc. 22), filed on May 29, 2015.[2] The revised Agreement and Mutual General Release signed by the parties also has been provided for the Court's review. Doc. 22-1. For the reasons set forth herein, the Court recommends that the settlement be approved and the case be dismissed with prejudice.

To approve the settlement, the Court must determine whether the settlement

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14)** days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation they promptly may file a joint notice of no objection.**

[2] The parties' first motion for settlement approval was denied without prejudice because the settlement agreement contained a confidentiality provision, which the Court found is contrary to the purpose of the FLSA. *See* Doc. 21. The confidentiality provision has been removed from the refiled Agreement and Mutual General Release. *See* Doc. 22-1.

is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. §216(b), when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

Plaintiff Anibal Equite brought this claim for failure to pay overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, seeking recovery of unpaid overtime compensation, liquidated damages and reasonable attorneys' fees and costs arising out of his employment as a cleaner with Defendant.

Doc. 1. Plaintiff claimed that he is owed approximately $1,814.80 in overtime wages, plus an equal amount liquidated damages, and attorney's fees and costs. Doc. 13-1 at 2.

Defendant has agreed to pay Plaintiff a total of $2,000.00 for unpaid overtime wages and liquidated damages. Doc. 22 at 4; Doc. 22-1 at 2. Defendant therefore has agreed to pay and Plaintiff has agreed to accept a compromised amount of the disputed overtime claims. Although Defendant does not admit liability, the parties state that the settlement reflects a reasonable compromise given Plaintiff's likelihood of success on the merits and Defendant's costs of defending this matter. Doc. 22 at 3. Specifically, the parties state that they recognize the inherent risks of litigation, including the possibility that Plaintiff may recover nothing or less than the settlement amount and that Defendant may be required to pay an amount in excess of the settlement amount, and neither party was willing to accept those risks. *Id.* at 4, 5. The parties also acknowledged that litigating this case through trial would result in the parties incurring additional attorneys' fees and costs and the expenditure of additional judicial resources, and felt that settlement was fair and reasonable in light of all circumstances. *Id.* at 6.

Defendant also has agreed to pay $3,250.00 for Plaintiff's attorneys' fees and costs, which the parties represent was negotiated separately so as not to affect Plaintiff's recovery. Doc. 22 at 4, 6; Doc. 22-1 at 2. Pursuant to *Bonetti v. Embarq Management Company*:

> [T]he best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the

> settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

715 F. Supp.2d 1222, 1228 (M.D. Fla. 2009). Although the Court must consider the reasonableness of any award of attorneys' fees, it is not required to conduct an in-depth analysis of the award unless it is unreasonable on its face. *Bodnar v. Gourmet Hut, Inc.*, No. 3:13-cv-709-J-34JRK, 2014 WL 757981, at *3 n.4 (M.D. Fla. Feb. 26, 2014) (order adopting report and recommendation). The fee in this case appears to be reasonable.

Thus, the Court, having reviewed the terms of the settlement as set forth in the Agreement and Mutual General Release (Doc. 22-1), concludes that the settlement appears to be a fair and reasonable resolution of a bona fide dispute under the FLSA.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. That the Amended Joint Motion for Approval of Settlement Agreement and Dismissal of the Action with Prejudice (Doc. 22) be **GRANTED** and the settlement be **APPROVED**; and

2. That the Court enter an Order adopting the Report and Recommendation and dismissing the case with prejudice.

- 5 -

**DONE** and **ENTERED** in Fort Myers, Florida on this 1st day of June, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record